1

2

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 16, 2022

SEAN F. McAVOY, CLERK

3          UNITED STATES DISTRICT COURT
         EASTERN DISTRICT OF WASHINGTON

4

5   DESSIRAE R.,                          No. 2:20-CV-00385-SMJ

              Plaintiff,
6                                          **ORDER GRANTING IN PART
         v.                                PLAINTIFF'S MOTION FOR
7                                          SUMMARY JUDGMENT AND
                                           REMANDING FOR
8   KILOLO KIJAKAZI,                       ADDITIONAL PROCEEDINGS**
    ACTING COMMISSIONER OF
    SOCIAL SECURITY,[1]
9

              Defendant.
10

11          Before the Court are cross-motions for summary judgment. ECF Nos. 15, 16.

12   Attorney D. James Tree represents Dessirae R. (Plaintiff); Special Assistant United

13   States Attorney Erin Highland represents the Commissioner of Social Security

14   (Defendant). After reviewing the administrative record and the briefs filed by the

15   parties, the Court grants in part Plaintiff's Motion for Summary Judgment, denies

16   Defendant's Motion for Summary Judgment, and remands the matter to the

17   Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

18   _____

19   [1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9,
    2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo
20   Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further
    action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER ON PLAINTIFF'S MOTION TO COMPEL – 1

**JURISDICTION**

Plaintiff filed an application for Supplemental Security Income on April 23, 2018, alleging disability since February 1, 2010, due to anxiety, depression, PTSD, high blood pressure, hip dysplasia, degenerative disc disease, bad knees, fibromyalgia, social anxiety, ADD, and obsessive compulsive disorder. AR 137–38.[2] The application was denied initially and again upon reconsideration. AR 172–75, 179–85. Administrative Law Judge (ALJ) Laura Valente held a hearing on February 13, 2020, AR 77–115, and issued an unfavorable decision on March 20, 2020. AR 15–29. Plaintiff requested review of the ALJ's decision by the Appeals Council and the Appeals Council denied the request for review on August 20, 2020. AR 1–5. The ALJ's March 2020 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on October 20, 2020. ECF No. 1.

**STATEMENT OF FACTS**

Plaintiff, born in 1980, was 38 years old when she filed her application. AR 27. She had a traumatic and unstable childhood, which included being sexually assaulted. AR 525. She attended school through the sixth grade and eventually obtained her GED and attended cosmetology school. AR 527. She has a minimal

---

[2] References to the administrative record (AR), ECF No. 12, are to the provided page numbers to avoid confusion.

ORDER ON PLAINTIFF'S MOTION TO COMPEL – 2

work history with a series of short-term jobs, including hair stylist, barista, office assistant, and cashier. AR 278. She testified that her mental health symptoms and chronic pain interfere with concentration and her ability to work. AR 87, 103–06.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th

Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098–99. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193–94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

//

//

## ADMINISTRATIVE FINDINGS

On March 20, 2020, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. AR 15–29.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date. AR 18.

At step two, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, degenerative joint disease of the hips, degenerative joint disease of the knees, obesity, opioid addiction, hypertension, anxiety, and post-traumatic stress disorder. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. AR 18–20.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform a range of light work, with the following limitations:

> The claimant can stand and walk for a total of two hours in an eight-hour workday; and sit for six hours in an eight-hour workday. In addition, the claimant can occasionally climb ramps and stairs; occasionally climb ladders, ropes or scaffolds; occasionally stoop, kneel, crouch, or crawl; and can frequently balance. Moreover, the claimant can frequently push and pull with the bilateral lower extremity; and must avoid concentrated exposure to wetness, vibrations, and hazards. Finally, the claimant is limited to simple routine tasks in two-hour increments; can work in the same room with coworkers but no coordination of work activity; can work superficially and occasionally with the general public; and can adapt to simple workplace changes.

AR 21.

At step four, the ALJ found Plaintiff was unable to perform her past relevant work as a barista fountain server, hair stylist, cashier, video rental clerk, or administrative clerk. AR 27.

At step five the ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity, Plaintiff could perform jobs that existed in significant numbers in the national economy, specifically identifying the representative occupations of document preparer and final assembler. AR 28.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the date the application was filed through the date of the decision. AR 28–29.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the Commissioner erred by (1) not properly assessing Plaintiff's testimony, (2) not properly assessing Dr. Metoyer's opinion, and (3) failing to meet the step five burden. ECF No. 15 at 2.

//

//

//

**DISCUSSION**

**A.    Plaintiff's Subjective Statements**

Plaintiff contends the ALJ erred by improperly rejecting her subjective complaints. ECF No. 15 at 8–15.

It is the province of the ALJ to make determinations regarding a claimant's subjective statements. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those

1    symptoms were not entirely consistent with the medical evidence and other

2    evidence in the record. AR 22. The ALJ found Plaintiff's complaints were

3    unsupported by the objective evidence of record and evidence of improvement with

4    pain medications, and inconsistent with Plaintiff's activities. AR 22–24.

5        Plaintiff argues the ALJ's rationale is insufficient, as much of the decision

6    was devoted to concurring that Plaintiff has significant supportive evidence of her

7    physical and mental impairments, and that the ALJ failed to specifically identify

8    which of Plaintiff's subjective complaints were being rejected. ECF No. 15 at 8–9.

9    She further asserts that notations of improvement were not sustained or substantial

10   and that the ALJ failed to identify any activities that actually contradicted Plaintiff's

11   allegations. *Id.* at 11–14. Defendant argues the ALJ appropriately considered

12   evidence of unsupportive treatment records, improvement with medication, and

13   Plaintiff's activities, and that Plaintiff's alternative interpretation of the records did

14   not render the ALJ's decision invalid. ECF No. 16 at 3–9.

15       The Court finds the ALJ failed to offer clear and convincing reasons for

16   discounting Plaintiff's reports. A claimant's activities may support an adverse

17   credibility finding if the activities contradict her other testimony. *Orn v. Astrue*, 495

18   F.3d 625, 639 (9th Cir. 2007). However, the ALJ failed to identify any activities

19   that were inconsistent with Plaintiff's reports. The ALJ noted only that Plaintiff was

20   able to attend church and Bible study and go on vacations. AR 24. The record

contains virtually no evidence of how often Plaintiff attended church, or what kinds of activities she engaged in while there. The record contains evidence of Plaintiff taking a trip to California and having a mental episode while there, AR 1108, and traveling to Mexico in order to have surgery that she was unable to obtain at home, experiencing PTSD triggers while there, and subsequently developing a pulmonary embolism, likely from the airplane travel, AR 92–95, 811, 1029. These records do not demonstrate any inconsistency with Plaintiff's testimony.

Similarly, the isolated notations of Plaintiff improvement with pain medication or being able to better tend to her activities while taking pain medication do not indicate inconsistency with her testimony. The two times in the record the ALJ pointed to where Plaintiff reported her pain medication was helping with increased daily function, Plaintiff still reported significant pain in her knees and all over her body, triggering further referrals to orthopedists and rheumatologists to address her pain. AR 355–58. She reported being able to sporadically engage in activities around the house to some extent, requiring breaks and assistance from her caregiver, but never claimed to be completely incapacitated. AR 91–92, 100–01, 528. Improvement in symptoms does not mean elimination of symptoms.

The only other rationale offered by the ALJ was the lack of support from the objective physical and mental evidence. An ALJ may cite inconsistencies between a claimant's testimony and the objective medical evidence in discounting the

claimant's symptom statements. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). But this cannot be the only reason provided by the ALJ. *See Lester*, 81 F.3d at 834 (the ALJ may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence). The Court also notes that the ALJ did not clearly identify what testimony was found to be unreliable. "To ensure that our review of the ALJ's credibility determination is meaningful, and that the claimant's testimony is not rejected arbitrarily, we require the ALJ to specify which testimony she finds not credible, and then provide clear and convincing reasons, supported by evidence in the record, to support that credibility determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015).

On remand, the ALJ shall reconsider Plaintiff's subjective testimony and specify which testimony she finds not credible and provide clear and convincing reasons for this determination.

**B.    Dr. Patrick Metoyer**

Plaintiff argues the ALJ erred in evaluating the medical opinion from consultative examiner Dr. Patrick Metoyer. ECF No. 15 at 15–20.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. Revisions to Rules Regarding the Evaluation of Medical Evidence, 2017 WL

168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. § 416.920c. The new regulations provide the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources. 20 C.F.R. § 416.920c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 416.920c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:

(1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior

administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c). The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022).

Plaintiff attended a consultative psychological exam with Dr. Patrick Metoyer in August 2018. AR 525–29. Dr. Metoyer diagnosed Plaintiff with PTSD, panic disorder, obsessive compulsive disorder, and major depressive disorder. AR 528. He opined that Plaintiff was moderately impaired in interacting with coworkers and the public, in maintaining regular attendance in the workplace, and in completing a normal workday or work week without interruption from psychological symptoms. AR 529. He further opined that she would be markedly impaired in dealing with the usual stress encountered in the workplace if it involved persistent activity, complex tasks, task pressure, or interacting with other individuals. *Id.*

The ALJ found this opinion to be somewhat persuasive, noting Dr. Metoyer supported his findings and that the opinion was based on a consultative exam with the claimant. AR 26. However, the ALJ found some of the assessed limitations were not persuasive as they were inconsistent with evidence that indicated normal psychological findings and lesser limitations. AR 27.

Plaintiff argues the ALJ selectively cited the record, asserting that the record shows she had persistent abnormal psychological exams and that the ALJ's examples are not representative of the record as a whole. ECF No. 15 at 18–19. She further asserts that the ALJ's examples of Plaintiff being pleasant and cooperative are not inconsistent with Dr. Metoyer's finding that she would have problems dealing with stress in the workplace. *Id.* at 20. Defendant argues the ALJ reasonably found parts of Dr. Metoyer's opinion to be inconsistent with the treatment records showing normal findings, and Plaintiff's alternative interpretation of the record did not render the ALJ's interpretation unreasonable. ECF No. 16 at 13–14.

The Court finds the ALJ's discussion is not supported by substantial evidence. It is not clear to the Court that notations of Plaintiff being pleasant, cooperative, or calm at medical appointments are inconsistent with Dr. Metoyer's opinion that she would have marked limitations in dealing with stress in the workplace. The record shows multiple instances of Plaintiff's reporting worsening mental health symptoms when faced with stressors such as interacting with her

daughter, maintaining her relationship with her significant other, and dealing with finances or grief. AR 497–98, 593–94, 639, 653, 665, 907, 1008, 1029, 1038–40, 1045, 1052, 1081, 1146–47. With respect to the ALJ's citations regarding normal psychological findings, the ALJ only referenced a visit for a headache and some of Plaintiff's suboxone treatment for chronic pain and opioid dependence weening. AR 570, 1236, 1240, 1244, 1268, 1273. The ALJ omitted the suboxone treatment records in the same exhibit where Plaintiff presented with anxiety on exam, AR 1248, 1252, 1256, 1260, and other treatment records showing anxious and depressed mood, tearfulness, and reports of nightmares and irritability, AR 451, 623, 639, 653, 659–61, 665, 673, 692, 905, 1008, 1024, 1029, 1055, 1061–63, 1073, 1084–86, 1098, 1108, 1112, 1122, 1146, 1297.

On remand, the ALJ shall reconsider the persuasiveness of Dr. Metoyer's opinion.

## C.    Step Five

Plaintiff argues the ALJ's step five findings are not supported by substantial evidence, as one job conflicted with the RFC and the other does not exist in significant numbers in the national economy. ECF No. 15 at 4–7. Defendant does not dispute Plaintiff's assertion that the document preparer job conflicted with the RFC but maintains the ALJ's findings regarding the final assembler position were sufficient to meet the step-five burden. ECF No. 16 at 14–17.

Upon questioning from the ALJ at the hearing, the vocational expert (VE) identified three jobs that he found to be consistent with the hypothetical posed by the ALJ: document preparer, final assembler, and addresser and provided information about the jobs and their existence in the national economy. AR 109–10. In response to questioning from Plaintiff's representative, the VE testified that he derived the job numbers broadly from the Bureau of Labor and Statistics and that he used the program Job Browser Pro to get specific numbers for each individual job title. AR 112–13.

Six days after the hearing, Plaintiff's representative submitted a memorandum to the ALJ challenging the VE's numbers, using data from Job Browser Pro. AR 329–38. The representative argued that the Job Browser Pro software actually generated job numbers that were substantially lower than what the VE testified to. *Id.* In her decision, the ALJ adopted the vocational expert's testimony without acknowledging the rebuttal evidence submitted by the representative. AR 28.

Plaintiff argues the decision is not supported, as the Job Browser Pro numbers were significantly different than the VE's testimony despite the VE testifying he relied on Job Browser Pro. ECF No. 15 at 7. Defendant argues the VE's evidence constitutes substantial evidence and argues that lay interpretations of data are

1  insufficient to preclude the ALJ from relying on the VE's testimony. ECF No. 16

2  at 16–17.

3      The Court finds the ALJ erred. Once a claimant has established that they

4  suffer from a severe impairment that prevents them from doing any work they have

5  done in the past, the claimant has made a prima facie showing of disability. At this

6  point the burden shifts to the Commissioner to show that the claimant can perform

7  some other work that exists in "significant numbers" in the national economy,

8  taking into consideration the claimant's residual functional capacity, age, education,

9  and work experience. *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999).

10     "An ALJ may take administrative notice of any reliable job information,

11 including information provided by a VE." *Bayliss v. Barnhart,* 427 F.3d 1211, 1218

12 (9th 2005). "A VE's recognized expertise provides the necessary foundation for his

13 or her testimony." *Id.* However, the Ninth Circuit has held that where there is a vast

14 discrepancy between the VE's numbers testimony and evidence submitted by a

15 claimant, presumably from the same source, the inconsistency must be addressed

16 by the ALJ. *Buck v. Berryhill*, 869 F.3d 1040, 1052 (9th Cir. 2017). Unlike in *Shaibi*

17 *v. Berryhill*, 883 F.3d 1102 (9th Cir. 2017) and the unpublished case cited by

18 Defendant, *Kemlingson v. Saul*, 800 F. App'x 531 (9th Cir. 2020), Plaintiff here

19 submitted her rebuttal evidence to the ALJ prior to the decision being rendered, and

20 she reiterated her arguments before the Appeals Council. AR 329–42. Because the

job numbers evidence submitted by Plaintiff indicates the final assembler position does not exist in significant numbers, this claim must be remanded for further proceedings. On remand, the ALJ shall consider the discrepancy, along with any other reliable vocational evidence presented.

## CONCLUSION

Plaintiff argues the ALJ's decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

The ALJ's decision is not supported by substantial evidence. On remand, the ALJ shall reevaluate Plaintiff's subjective statements and the medical and vocational evidence of record, making findings on each of the five steps of the sequential evaluation process, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

//

//

Accordingly, **IT IS ORDERED:**

1.      Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED IN PART**.

2.      Defendant's Motion for Summary Judgment, **ECF No. 16**, is **DENIED**.

3.      The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4.      An application for attorney fees may be filed by separate motion.

5.      **JUDGMENT** shall be **ENTERED** for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 16th day of September 2022.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER ON PLAINTIFF'S MOTION TO COMPEL – 18